[No. F033118. Fifth Dist. July 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
BOBBY BROWN, Defendant and Appellant.

**COUNSEL**

Tami J. Buscho, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Louis M. Vasquez, Lloyd G. Carter and Kathleen A. McGurty, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUCKLEY, J.**—Defendant, Bobby Brown, appeals from his conviction of Penal Code section 4502, possession of a weapon by a prisoner. He contends he was entitled to a jury instruction regarding temporary possession for purposes of disposal. (CALJIC No. 12.06.) We disagree and will affirm.

## FACTS

Defendant was a prisoner in state prison, housed at the California Substance Abuse Treatment Facility, Corcoran. One day, the lieutenant received information there was going to be gang fighting in one of the yards. He went to the yard and requested that additional officers join him. While he waited for backup, he noticed defendant swaggering in a "gangster" fashion. He searched defendant and found a razor blade, which had been removed from its plastic casing (having been originally supplied as a disposable shaver) and fashioned into a weapon.

Defendant was charged and convicted of a violation of Penal Code section 4502. He was sentenced to eight years fully consecutive to the term he was currently serving.

## DISCUSSION

The sole issue on appeal is whether, under the circumstances presented here, defendant was entitled to a jury instruction informing the jury that temporary possession for disposal is not unlawful possession.

At trial, counsel for defendant requested CALJIC No. 12.06,[1] an instruction which essentially states, as arguably applicable here, that possession of

---

[1]CALJIC No. 12.06 provides:

"A person is not guilty of a crime when his or her possession of [a controlled substance] [marijuana] is shown to be lawful. The defendant has the burden of proving by a preponderance of the evidence all of the facts necessary to establish that his or her possession of the [controlled substance] [marijuana] is lawful.

"The possession of a[n] [item] [controlled substance] [marijuana] is lawful where all of the following conditions are met:

"1. The possession is [momentary and] based on neither ownership nor the right to exercise control over the (item, controlled substance, etc.);

"2. The (item, controlled substance, etc.) is possessed solely for the purpose of abandonment, disposal, or destruction;

"3. The (item, controlled substance, etc.) is possessed for the purpose of terminating the unlawful possession of it by another person or preventing another person from acquiring possession of it; and

"4. Control is not exercised over the (item, controlled substance, etc.) for the purpose of preventing its imminent seizure by law enforcement."

contraband is not unlawful if the possession is "solely for the purpose of abandonment, disposal, or destruction." In support of the request, counsel made an offer of proof that defendant would testify that he came upon the object on the ground, was concerned for his own safety and the safety of others and therefore picked it up, put it into his pocket and was proceeding to the outdoor toilet to dispose of it. Counsel also stated that he was prepared to call another witness to testify that he saw defendant pick it up. The court refused to give the instruction, ruling that the instruction has no application in a state prison.

The genesis of the instruction requested is in the case of *People v. Mijares* (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115]. In *Mijares*, evidence was presented to show that the defendant's only possession of the narcotic was for disposal. (At p. 419.) The Supreme Court held that the jury should have been instructed that temporary possession for the purpose of disposal does not constitute possession pursuant to then Health and Safety Code section 11500. (*Mijares, supra,* 6 Cal.3d at p. 423.) Significantly, the court stated that to deny the instruction "could result in manifest injustice to admittedly innocent individuals." (*Id.* at p. 422.)

Subsequently, two appellate court cases were published which dealt with "innocent" possession in a different context, felons in possession of firearms. The first case, *People v. Pepper* (1996) 41 Cal.App.4th 1029, 1038 [48 Cal.Rptr.2d 877], held that Penal Code "section 12021 prohibits a convicted felon from possessing a firearm even momentarily except in self-defense, in defense of others, or as a result of legal necessity." The court reasoned that "innocent" possession could not occur. One would readily know the nature and purpose of a firearm, and one could not legitimately possess a firearm momentarily to prevent its illegal possession by another. (*Pepper, supra,* 41 Cal.App.4th at p. 1037.)

In *People v. Hurtado* (1996) 47 Cal.App.4th 805 [54 Cal.Rptr.2d 853], the court, after discussing several post-*Mijares* narcotics possession cases, was "convinced the 'momentary possession' defense recognized in *Mijares* extends to possession of a firearm by a felon offenses." (*Id.* at p. 814.) The court declined to adopt *Pepper*'s "strict liability" approach. (*Id.* at p. 813.)

Our case, however, falls outside the circumstances or charging offenses of any of the published cases discussing temporary possession or CALJIC No. 12.06. Therefore, neither *Hurtado* nor *Pepper* is singularly persuasive here.

In this case, defendant was charged with Penal Code section 4502. The fact that the Legislature has made the possession of *any* weapon, not just

firearms, in a penal institution a felony is indicative of the danger weapons present in such a facility.

In *People v. Pepper, supra,* 41 Cal.App.4th at page 1037, the court noted that the nature of a firearm is readily apparent; likewise here, the nature of a razor blade with an inmate-manufactured holder is also readily apparent. It is a weapon with the sole purpose of inflicting injury on someone else. It cannot be "innocently" possessed or picked up out of curiosity.

The factors which may militate toward temporary possession for disposal purposes or for the protection of others as recognized in *People v. Hurtado, supra,* 47 Cal.App.4th at page 814, do not apply in a penal institution. Defendant could have simply alerted a guard to the existence of the weapon without picking it up. We do not believe the Legislature, by the enactment of Penal Code section 4502, sanctioned self-help or knowing possession of weapons under the circumstances presented here. Whether there can *ever* be a circumstance justifying temporary possession in a penal institution is a question not presently before us. We simply conclude the judge was correct in denying CALJIC No. 12.06.

### DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Gildner, J.,* concurred.

A petition for a rehearing was denied August 21, 2000, and on August 1, 2000, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 21, 2000.

---

*Judge of the Kern Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.